JOHN H. JEWETT, Respondent, v. L. D. ADKINSON, Sheriff, etc., Appellant.

No. 477; March 6, 1865.

**Pleading—Variance.—When the Complaint Sets Up That a Sale** was induced by the fraud of a named person aided by another, and the proof is that such person perpetrated the fraud alone, this is no variance.

**Execution—Goods of Other Persons.—On Appeal from a Judg-** ment for the recovery from the sheriff of goods claimed as those actually of the plaintiff, though nominally belonging to the judgment debtor at the time of the levy, a reversal is proper where the proof is that a large part of the goods so recovered had never been the property of the plaintiff.

APPEAL from Tenth Judicial District, Yuba County.

Belcher & Filkins for respondent; D. R. Sample for appellant.

SHAFTER, J.—This is an action to recover the possession of "a certain stock of drugs and medicine, goods, wares, and merchandise," described as "now being in a certain brick store in Marysville, etc.; also, of all the furniture and fixtures of said store and all the personal property, goods and chattels therein." The verdict was for the plaintiff, and though somewhat ambiguous in its phraseology, yet we shall treat it as the court seems to have treated it in its judgment, viz., as a verdict for the restitution of all the property described in the complaint. The appeal is from the judgment and from the order denying the defendant's motion for new trial; but the former branch of the appeal may be laid out of account, for the case presents no questions falling within it; and the appeal from the order gives rise to but one question, and that

is whether the verdict was justified by the evidence; for there can be no doubt that the question of variance made by the defendant under the motion to nonsuit was correctly disposed of by the court, on the principles of the common law. It was alleged in the complaint that the plaintiff was induced to sell the goods to Hobbitzell under the influence of a fraud practiced by him in connection with Stidger, and it turned out in evidence that the particular fraud alleged was managed by Hobbitzell alone.

It is insisted for the appellant, that there was no evidence tending to prove that Hobbitzell—as whose goods the property sued for was attached by the defendant under process in favor of one Stidger—had induced the plaintiff to sell and deliver the goods to him by false and fraudulent representations. We have examined the testimony attentively, and have fully considered the views presented by the counsel of the appellant, as to the facts which it is necessary for a vendor to prove in order to vitiate a sale of chattels on the ground of fraud. While we hold that the general principles maintained by the counsel of the appellant in relation to that matter are substantially correct, yet we consider that the testimony of the plaintiff makes a case fully within them. There is another particular, however, in which the verdict is obnoxious to the objection taken against it. It appeared distinctly, and from the testimony of the plaintiff's witnesses, that a portion of the goods sued for and recovered were not included in the sale of the plaintiff to Hobbitzell; but that they were bought by Hobbitzell subsequently and from other parties. The value of that portion of the goods was two hundred and fifty-seven dollars, and to them the plaintiff had no title on his own showing. To this extent the verdict is not only unsupported by the evidence, but is in direct opposition to it.

Judgment reversed and new trial granted.

We concur: Rhodes, J.; Currey, J.; Sawyer, J.; Sanderson, C. J.